NOT DESIGNATED FOR PUBLICATION

Nos. 126,222
126,223

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERICA MARIE NIETO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ford District Court; ANDREW M. STEIN, judge. Submitted without oral argument. Opinion filed November 22, 2024. Affirmed in part, sentence vacated in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and BRUNS, JJ.

PER CURIAM: Erica Marie Nieto appeals the district court's revocation of her probation and imposition of her underlying sentences in two cases. The State concedes that the district court erred in one of the cases because it failed to impose an intermediate sanction or make the necessary findings for the application of an exception under K.S.A. 2020 Supp. 22-3716(c). In the other case, we find that substantial competent evidence supports the district court's decision to revoke Nieto's probation. The district court

1

appropriately exercised its discretion in requiring her to serve her underlying prison sentence in that case. Thus, we affirm in part, vacate in part, and remand with directions.

FACTS

On November 18, 2020, the State charged Nieto in Ford County case No. 20-CR-608 with possession of methamphetamine with the intent to distribute. While that case was pending, Nieto was arrested again, and the State charged her in Ford County case No. 21-CR-320 with two counts of aggravated battery. On March 3, 2022, Nieto pled no contest to each of the charges in the two cases. Prior to sentencing, Nieto moved for a dispositional departure. We note that case No. 20-CR-608 was a presumptive imprisonment case and case No. 21-CR-320 was a presumptive probation case.

At sentencing, the State did not oppose Nieto's motion for dispositional departure. Ultimately, the district court sentenced her to 130 months' imprisonment in case No. 20-CR-608 but suspended it to a 36-month term of probation. In case No. 21-CR-320, the district court sentenced Nieto to consecutive sentences of 16 months for the first aggravated battery and 12 months on the second aggravated battery. These sentences were to run consecutive to the sentence imposed in case No. 20-CR-608. Even so, the district court also suspended these sentences and placed her on probation for an additional 24 months in case No. 21-CR-320.

On August 3, 2022, the State filed its first motion to revoke Nieto's probation in both cases. Following an evidentiary hearing, the district court found that Nieto violated the conditions of her probation. But it declined to impose sanctions or to modify the conditions of her probation. A few months later, on January 9, 2023, the State filed a second motion to revoke Nieto's probation in both cases. On March 3, 2023, the district court held another evidentiary hearing and found that Nieto had again violated her the conditions of her probation.

2

At the hearing, the district court heard the testimony from both of Nieto's probation officers and the testimony of her former substance abuse counselor. After considering the evidence presented, the district court revoked Nieto's probation. Although Nieto requested the imposition of an intermediate sanction or a modification of the conditions of her probation, the district court declined to do so and ordered her to serve her underlying sentences in the two cases.

Specifically, the district court ruled:

"[T]he Court initially finds that the State has proven the allegations set forth in the affidavit, in that those allegations are sufficient to demonstrate that the Defendant has violated the conditions of her probation, So the court will . . . make that finding.

"What I heard today is that the Defendant hasn't been clear and communicated with her probation officers to the standard that is expected and required under the conditions of probation.

"What I haven't heard is any explanation as to why that's the case. So, I'm left to speculate . . . . But, essentially, I don't have any explanation.

"So, based on that, I don't find there is a basis to determine that probation is going to continue to make a difference, or is ever going to make a difference. And, so, for that reason, I am going to grant the State's request and impose the underlying prison sentence[s] in both these cases."

Nieto timely appeals.

ANALYSIS

The issue presented in this appeal is whether the district court erred in revoking Nieto's probation in the two cases and imposing her underlying sentences. At the outset, we note that the State candidly concedes that the district court erred in case No. 21-CR-320 by failing to impose intermediate sanctions or invoking a statutory exception. As a result, we vacate the district court's order in case No. 21-CR-320 and turn to the question

3

of whether the district court abused its discretion in revoking Nieto's probation and ordering her to serve her underlying sentence in case No. 20-CR-608.

A district court may revoke an offender's probation and impose the original sentence unless limited by statute. *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018) (*Dooley I*). Accordingly, we review a district court's revocation of probation and the imposition of an underlying sentence for abuse of discretion. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). A district court abuses its discretion only if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on a legal error; or (3) based on factual error. The burden to prove an abuse of discretion is on Nieto as the party asserting error. See 315 Kan. at 328.

To the extent that Nieto contends that the district court's order is not supported by the evidence, we review the record to determine whether the district court's findings are supported by substantial competent evidence. *State v. Dooley*, 313 Kan. 815, 819, 491 P.3d 1250 (2021) (*Dooley II).* Substantial competent evidence is that which is both legal and relevant to reasonably support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021); see also *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019). In determining whether substantive competent evidence supports the district court's findings, we are to disregard any conflicting evidence or inferences that may be drawn from such evidence. *Dooley II*, 313 Kan. at 819.

Nieto contends that the district court committed "errors of fact" and that "[n]o reasonable person would rule [the] way" the court did in case No. 20-CR-608. She suggests the district court erred in finding that she "hasn't been clear and communicated with her probation officers to the standard that is expected and required under the conditions of her probation." Next, she suggests the district court erred in finding that it had not heard an adequate explanation for her failure to communicate appropriately with

4

her probation officers. Finally, she suggests the district court erred in finding that it did not believe probation "is ever going to make a difference."

It is important to recognize that the conditions of Nieto's probation included—among other things—not to leave the state of Kansas without written permission from her probation officer, to keep her probation officer informed of her address, to obey a residential curfew—at that residence—between 10 p.m. and 6 a.m., and to not drive without a valid driver's license. A review of the record on appeal reveals that the State presented substantial competent evidence at the probation revocation hearing to support its allegation that Nieto had violated these conditions.

At the hearing, Nieto's probation officers testified about multiple ways in which she violated the conditions of her probation. Her former substance abuse counselor also testified that Nieto had eight weeks of treatment remaining when she was discharged. In particular, the probation officers testified that they could not contact Nieto at her home address, that they identified her absence through a water bill showing little or no water use at the house, that Nieto was observed driving toward Oklahoma without a driver's license, that Nieto admitted to visiting Oklahoma and staying there overnight several times, and that Nieto never received permission to travel out of state. Consequently, we find that the district court relied on substantial competent evidence and did not abuse its discretion in revoking Nieto's probation in case No. 20-CR-608.

Turning to whether the district court abused its discretion in ordering Nieto to serve her underlying sentence in case No. 20-CR-608, we first look to K.S.A. 2020 Supp. 22-3716(c)(7). This statute provides several exceptions that allow a district court to revoke an offender's probation without imposing intermediate sanctions. K.S.A. 2020 Supp. 22-3716(c)(7)(A)-(D). Because Nieto was granted a dispositional departure in case No. 20-CR-608, the district court was not required to impose an intermediate sanction. K.S.A. 2020 Supp. 22-3716(c)(7)(B).

5

As discussed above, we find that the record on appeal contains substantial competent evidence to support the district court's decision to revoke Nieto's probation. Nieto's probation required that she receive written permission to leave Kansas, but the evidence established that she traveled to Oklahoma several times without the consent of her probation officers. Although Nieto suggests that her probation officers knew about the situation involving her children in Oklahoma, her personal circumstances do not excuse her from complying with the conditions of her probation. See *State v. Hardesty*, No. 126,256, 2024 WL 3385072, at *4 (Kan. App. 2024) (unpublished opinion); *State v. Bolitho*, No. 123,896, 2022 WL 1697025, at *3 (Kan. App. 2022) (unpublished opinion).

Similarly, Nieto's inability to abide by her curfew is evidence that further supports the district court's decision. The record also reflects that she occasionally spent the night out of state without permission. Officer Rosa Reyes' testimony—about the water usage records for Nieto's residence—provided valuable insight to the court regarding Nieto's absence from her home. Evidence was also presented that the Nieto had not completed her substance abuse program.

In summary, we conclude that the district court had the legal authority to revoke Nieto's probation in case No. 20-CR-608 without imposing intermediate sanctions. See *Tafolla*, 315 Kan. at 331. Further, we conclude that the district court's revocation of Nieto's probation was supported by substantial competent evidence. Moreover, based on the evidence in the record on appeal, we conclude that the district court's decision to order Nieto to serve her underlying sentence in case No. 20-CR-608 was reasonable.

We, therefore, affirm the district court's revocation of Nieto's probation and imposition of her underlying sentence in case No. 20-CR-608. Simultaneously, we vacate the district court's revocation order in case No. 21-CR-320 and remand that case to apply the provisions of K.S.A. 2020 Supp. 22-3716 to determine whether to impose an

intermediate sanction or to make the requisite findings to apply one of the statutory exceptions.

Affirmed in part, vacated in part, and remanded with directions.